UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH LEE HEMPEL,

                  Defendant.

Case No.  CR 23-5085-DGE-17

DETENTION ORDER

THE COURT, having conducted a hearing on Mr. Hempel's motion for release (Dkt. 452) under 18 U.S.C. Section 3142(g), finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of any other person or the community. The defendant is represented by James Feldman. The government is represented by Assistant United States Attorney Max Shiner.

Under the Bail Reform Act, 18 U.S.C. § 3142(g) requires the Court to consider the nature and circumstances of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, whether he was on probation, parole, or other court supervision at the time of the alleged offense conduct; and the nature and seriousness of the danger to any person or the community posed by the defendant's release.

This case is subject to the rebuttable presumption of detention, based on the charged offense. 18 U.S.C. § 3142(e).

The Bail Reform Act recognizes that release should be the normal course, and "detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). In evaluating whether the defendant poses a serious potential for dangerousness, it is not necessary for the government to produce, or for the Court to rely on, evidence of prior convictions for violent crimes. *United States v. Hir,* 517 F.3d 1081, 1091-92 (9th Cir. 2008).

1

The charged offense involved large amounts of fentanyl. Dkt. 1, Indictment; Dkt. 463, Government's Response, at 2. At the time of his arrest, Mr. Hempel was in possession of a shotgun. Dkt. 463, at 6; Dkt. 469, 469-1. And, when he was being searched before admission into the Federal Detention Center, the authorities found a shiv in his shoe. Dkt. 469-1. In addition, Mr. Hempel's criminal history includes state court convictions for Second Degree Burglary, and Criminal Trespass in the First Degree – Domestic Violence. These are serious offenses. Dkt. 471 at 3-5.

The Court reviewed the Second Supplemental Pretrial Services Report (Dkt. 471). Mr. Hempel has friends and family in the community who support him. Two of his friends offered him a place to live – after his proposed in-patient drug treatment.

But none of the release conditions would be a viable release plan under the Bail Reform Act, because the Court cannot effectively prevent the defendant from leaving the residential drug treatment facility or from having visitors come to see him at the home of his friends, upon release from the in-patient drug treatment facility. Even with electronic location monitoring, the defendant would potentially be able to obtain drugs – his friends' residence would not be completely secure from ingress or egress, nor could his friends prevent the defendant from leaving to conduct drug transactions. Moreover, two of the individuals who are residing in the home have criminal records; one of them is currently on a methadone treatment program. Dkt. 471, at 2.

The government met its burden of proof and burden of persuasion by clear and

convincing evidence that the defendant presents a significant risk of danger to others or to the community. Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions of release that would effectively mitigate the potential for dangerousness to others or to the community. This finding is based on:

 1) the nature and circumstances of the charged offenses;

2) the weight of the evidence against the person;

3) the history and characteristics of the person;

4) criminal history; and

5) the nature and seriousness of the danger release would impose to any person or the community.

*Order of Detention*

< The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

< The defendant shall be afforded reasonable opportunity for private consultation with counsel.

The defendant shall on order of a court of the United States or on request of an attorney for the government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 3rd day of July 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge